GRAVES et al. v. SAN ANTONIO & A. P. RY. CO.

(Court of Civil Appeals of Texas. Austin. Jan. 28, 1914. Rehearing Denied March 18, 1914.)

1. MASTER AND SERVANT (§ 286*) — INJURIES TO SERVANT — ACTIONS — QUESTIONS FOR JURY.

There was no error in directing a verdict for the defendant in an action for the death of a servant, caused by the explosion of an engine, alleged to have been old, rusty, and unsafe, where there was no evidence that it was unsafe, or as to the cause of the explosion, though there was sufficient evidence to raise the issue as to its being old, as the allegations that it was old and rusty were immaterial without a showing that by reason thereof it was defective or unsafe.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. APPEAL AND ERROR (§ 690*) — RECORD — QUESTIONS PRESENTED FOR REVIEW—ADMISSIBILITY OF EVIDENCE.

An assignment of error in excluding testimony must be overruled, where the only thing in the record with reference thereto is the testimony of the witness on his voir dire, in the absence of the jury, which the record does not show was offered to the jury, or that the court refused to allow it to go to the jury, or, if so, that appellant excepted to such ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. § 690.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Charles Graves and others against the San Antonio & Aransas Pass Railway Company. From a judgment for the defendant, plaintiffs appeal. Affirmed.

H. C. Lindsey, of Waco, for appellants. Neff & Taylor, of Waco, for appellee.

JENKINS, J. [1] Appellants brought this suit against appellee to recover damages on account of the death of W. B. Graves, a son of appellant Charles Graves. They alleged that W. B. Graves was an employé of appellee, and, while engaged in cleaning an engine, the boiler blew up and injured him, causing his death; that such injury was caused by the negligence of appellee in putting the deceased to work on an engine that was old, rusty, and unsafe. The allegations that the engine was old and rusty are immaterial, unless it be shown that by reason of such age and rust the boiler was in a defective or unsafe condition. There was no evidence in the case that said engine or boiler was unsafe, and no evidence as to the cause of explosion. The evidence was sufficient to raise the issue as to the engine's being old, but not that it or the boiler was unsafe.

[2] The trial court instructed a verdict for the defendant. In this there was no error. Appellants have assigned error on the refusal of the court to allow Charles Graves to testify as to what the deceased told him shortly after receiving the injury. The only thing appearing in the record with reference to this matter is that the statement of facts set out what Charles Graves testified to on voir dire in the absence of the jury; but there is nothing to show that appellants offered this testimony to the jury, that the court refused to allow it to go to the jury, or, if so, that appellants excepted to the ruling of the court, for which reason this assignment must be overruled.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.